**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

**Suffolk, ss.**

| | |
|---|---|
| KAREN MCMANUS,<br><br>For herself and the Class,<br><br>v.<br><br>TUFTS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-10008-ADB** |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff submits this notice of supplemental authority to inform the Court of several recent cases that provide additional authority to assist the Court in resolving questions presented on Tufts Medical Center's motion to dismiss. Plaintiff attaches those cases to this notice. The cases are:

(i) *Doe v. Tenet Healthcare Corp.*, No. 23-cv-01106, 2025 U.S. Dist. LEXIS 109134 (D. Mass. June 9, 2025) (attached as Exhibit A). This decision is a later decision in the *Tenet Healthcare* case the parties discussed in their briefing. In this recent decision, the court (Saris, J.) denied a motion to dismiss a claim under the Electronic Communications Privacy Act ("ECPA") relating to the use of tracking technologies on a healthcare provider's website. The court addressed two arguments before this Court. First, the court followed other cases in holding that the "'intentional disclosure' of private information constituted a 'further impropriety' independent of and separate from [the] *interception*' of private information," which supports the application of the crime-tort exception to one-party consent. *Id.* at * 65-66 (emphasis in original).[1] Second, the court "join[ed] [other] courts that have held that a monetary purpose does not insulate a party from liability under the ECPA." *Id.* at *69-70.[2]

(ii) *Doe v. Bayhealth Med. Ctr. Inc.*, 2025 Del. Super. LEXIS 154, at *16-17 (Super. Ct. Apr. 2, 2025) (attached as Exhibit B). In *Bayhealth*, the court "denie[d] applying *Becerra*" (*Am. Hosp. Ass'n v. Becerra*,

[1] *See* Doc. No. 18 at 10-11 (Plaintiff's briefing on same issue).

[2] *See* Doc. No. 18 at 9-10 (Plaintiff's briefing on same issue).

2024 U.S. Dist. LEXIS 108847 (N.D. Tex. June 20, 2024)) in considering a plaintiff's ECPA claim for secret use of tracking technologies on a healthcare provider website, reasoning that it "has no impact on a plaintiff's disclosure allegations when plaintiff's claim are based on statutory and common law violations." *Id.* at 13-19.[3] The court upheld an ECPA claim, rejecting this and several other arguments similar to those Tufts Medical Center raises here.

(iii) *Lugo v. Inova Health Care Servs.*, 2025 U.S. Dist. LEXIS 55590 (E.D. Va. Mar. 25, 2025) (attached as Exhibit C). In *Lugo*, the court followed the reasoning of "[c]ourts around the country [that] have permitted the invocation of the ECPA's crime-tort exception when plaintiffs allege violations of HIPAA and other state health privacy laws," particularly where plaintiffs allege "status as medical patients." *Id.* at *16-20.[4] The court also rejected the hospital's argument that "an additional commercial, marketing, or advertising purpose behind the interception" was incompatible with a finding of a tortious purpose under the crime-tort exception. *Id.* at *20-22 (collecting numerous authorities).[5]

Dated: June 20, 2025

Respectfully submitted,

*/s/Patrick J. Vallely*
SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

[3] *See* Doc. No. 18 at 6-9, 12 (Plaintiff's briefing on relevance of *Becerra*).

[4] *See* Doc. No. 18 at 5-11 (Plaintiff's briefing on same issue).

[5] *See* Doc. No. 18 at 9-10 (Plaintiff's briefing on same issue).

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: June 20, 2025

*/s/Patrick J. Vallely*
Patrick J. Vallely