**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN MCMANUS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TUFTS MEDICAL CENTER, INC.,<br><br>Defendant. | Case No.: 1:25-cv-10008 |

**DEFENDANT TUFTS MEDICAL CENTER, INC.'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY AND**
**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Tufts Medical Center, Inc. ("Tufts MC"), by and through its counsel, hereby respectfully submits the following supplemental authorities in support of its Motion to Dismiss Plaintiff's Amended Complaint:

- *Goulart et al. v. Cape Cod Healthcare, Inc.*, 2025 WL 1745732 (D. Mass. June 24, 2025), ("*Cape Cod*"), attached hereto as **Exhibit A**.
- *Jane Doe v. Genesis Health System*, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) ("*Genesis*"), attached hereto as **Exhibit B**.

Both cases provide instructive and persuasive analysis of the crime-tort exception to the Electronic Communications Privacy Act ("ECPA") and support granting of Tufts MC's pending Motion to Dismiss.

On June 24, 2025, Judge Richard G. Stearns of the District of Massachusetts granted Cape Cod's motion to dismiss the plaintiffs' ECPA claim that was based on similarly pled allegations regarding Cape Cod's use of the Meta Pixel and Google analytics on its websites. *Cape Cod*, 2025

WL 1745732 at *3–4. Consistent with prior decisions from this district, Judge Stearns held that for the crime tort-exception to be invoked a plaintiff must plead sufficient facts that the health system's "primary motivation" or "determinative factor" in disclosing plaintiff's alleged personal health information through software-tracking technology was for the purpose of committing a criminal or tortious act. *Id.* at *3 (citing *United States v. McHugh*, 57 F. Supp. 3d 95, 99-100 (D. Mass. 2014)). Judge Stearns noted that the complaint, like the Plaintiff's Amended Complaint against Tufts MC, includes allegations "supporting the proposition that [the health system] used the trackers for purposes of marketing and advertising." *Id.*at *4. Given these allegations, Judge Stearns concluded that as a matter of law, marketing and advertising which are "commercial purposes or advantages are not the stuff of which a crime-tort is made." *Id.*

In reaching his decision, Judge Stearns cited the *Genesis* decision recently issued by the Central District of Illinois.

The *Genesis* court held as follows in dismissing plaintiffs' ECPA claim based on another health care systems' alleged use of advertising and analytics technologies on its website:

> However, under § 2511[2](d), it is not enough that the alleged disclosure may constitute, or result in, a tortious act in violation of federal law. Instead, the language is clear that the interception must be "*for the purpose of committing …* any tortious act . . . ." 18 U.S.C. § 2511(2)(d) (emphasis added). Congress's decision to include that language indicates that the 'crime-or-tort' exception requires a specific intent that the Defendant knew its acts were in violation of HIPAA. By Plaintiff's own account, the 'trackers' were 'used by the Defendant to benefit Genesis Health and its marketing and advertising purposes,' (D. 20 at ECF p. 63), not *for the purpose of* knowingly committing a violation of HIPAA.

*Id.* at *9 (emphasis in original).

Judge Stearns was further "unconvinced that the Complaint sufficiently alleges an independent crime or tort beyond the alleged interception itself," and rejected the plaintiffs' argument that an alleged violation of HIPAA amounts to an act secondary to the acquisition of the

"interception" because no data was "independently used in a crime or tort committed by CCHC." *Id.* at 4 n.3. *See* Tufts MC's Motion to Dismiss at 8 and Reply at 4–8 (addressing the lack of an alleged independent crime or tort).

Tufts MC also seeks to clarify a number of mischaracterizations in Plaintiff's Notice of Supplemental Authority filed on June 20, 2025. ECF 20.

First, Plaintiff's Notice of Supplemental Authority incorrectly states that *Doe v. Tenet Healthcare Corp.*, 2025 WL 1635956, at *1 (E.D. Cal. June 9, 2025) was an opinion from this district authored by Judge Saris. ECF No. 20 at 1; ECF No. 20-1. Plaintiff filed a correction that noted its mistake and that the case is "pending in federal court in California," not the District of Massachusetts and was not authored by Judge Saris. ECF No. 21 at 1. For the avoidance of any doubt, Judge Stearns' decision earlier this week in *Cape Cod* is the only District of Massachusetts opinion presently that addresses the crime-tort exception of the ECPA with respect to website analytics. *See* Exhibit A. Further, the plaintiff in *Tenet* had the same counsel as the plaintiff in *Cape Cod* and made the same arguments that Judge Stearns has now rejected.

Second, Plaintiff's Notice of Supplemental Authority states the *Doe v. Bayhealth Med. Ctr. Inc.* court considered and upheld an ECPA claim. *See* ECF 20 at 1–2 (citing 2025 Del. Super. LEXIS 154, at *13–19 (Super. Ct. Apr. 2, 2025)). Not so. There was no ECPA claim asserted in that matter and no analysis of either the ECPA or the crime-tort exception. This out-of-circuit decision has no bearing on Tufts MC's motion to dismiss arguments regarding the insufficiency of Plaintiff's ECPA claim.

Third, the analysis in *Lugo v. Inova Health Care Servs.,* 2025 WL 905191, at *7 (E.D. Va. Mar. 25, 2025), is contrary to decisions within this Circuit, which require that the primary motivation for the interception was to commit a criminal, tortious, or other injurious act with

"intent to harm," which is missing in this matter, just as Judge Stearns' held. *See McHugh*, 57 F. Supp. 3d at 100; *United States v. Vest*, 639 F. Supp. 899, 904 (D. Mass. 1986); *Cape Cod*, 2025 WL 1745732, at *3 (quoting *McHugh*, 57 F. Supp. 3d at 100–01).

Dated: June 27, 2025

Respectfully submitted,

*/s/ Elizabeth A. Scully*__________

Elizabeth A. Scully (admitted pro hac vice)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
escully@bakerlaw.com
T: (202) 861-1500
F: (202) 861-1783

James H. Rollinson, Esq. (BBO #649407)
BAKER & HOSTETLER LLP
127 Public Street
Suite 2000
Cleveland, OH 44116
jrollinson@bakerlaw.com
T: (216) 621-0200
F: (216) 626-0740

Paul G. Karlsgodt (pro hac vice to be filed)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
pkarlsgodt@bakerlaw.com
T: (303) 764-4013
F: (303) 861-7805

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 27, 2025, copies of the foregoing were filed using the Court's CM/ECF service which will provide service copies to the Plaintiff's counsel of record.

*/s/ Elizabeth A. Scully*
*One of the attorneys for defendant*