**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

**Suffolk, ss.**

| | |
|---|---|
| KAREN MCMANUS,<br><br>For herself and the Class,<br><br>v.<br><br>TUFTS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-10008-ADB** |

**PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice of supplemental authority to inform the Court of recent decisions that provide additional authority to assist the Court in resolving questions presented in Defendant's motion to dismiss. Plaintiff submits the following authorities:

(i) *Williams v. TMC Health*, No. CV-23-00434 (D. Ariz. Aug. 19, 2025) (attached as Exhibit A). *Williams* is a subsequent decision in the *Williams v. TMC Health* case that is Tufts MC's most-cited case in its motion to dismiss papers, relating to the use of tracking technologies on a healthcare website.[1] The court in *Williams* permitted the plaintiff to file a second amended complaint following the decision Tufts MC cites; the court then denied a subsequent motion to dismiss, finding that the plaintiff's additional allegations were sufficient to affirm an ECPA claim over the defendants' arguments on the crime-tort exception and the content element. In particular, the court described new allegations in the amended complaint that the hospital "was on notice regarding how data containing health information may be disclosed or used if tracking technologies were embedded on their website" and decided to deploy the technologies with such knowledge, and therefore it "intercepted data to disclose and use that data in violation of HIPAA." Ex. A at 6-7. Plaintiff already makes substantively the same allegations here.[2] The

[1] Doc. No. 16 at 4, 7, 14, 19; Doc. No. 19 at 6.

[2] *See* Amended Complaint (Doc. 18-1) at ¶¶ 35-38 (describing Facebook disclosures to website owners about the functionality and purpose of Meta Pixel, including how consumers' communications disclosed to Facebook can be used for subsequent ad

court also rejected the same argument Tufts MC makes here that the ECPA's crime-tort exception does not apply because its motivation "was to make money." *Id.* at 7.[3]

(ii) *Jarrett v. Upperline Health, Inc.*, No. 1:23-cv-01261 (S.D. Ind. Aug. 8, 2025) (attached as Exhibit B). *Jarrett* is a subsequent decision in the *Doe v. Upperline Health* case that Tufts MC cites in its motion to dismiss papers regarding HIPAA and the ECPA's crime-tort exception.[4] The court permitted the plaintiff to file a second amended complaint following the decision Tufts MC cites, and after the amendment, the court denied a subsequent motion to dismiss the ECPA claim. Ex. B at 7-8, 24-26. In particular, the plaintiff added allegations that the hospital's "business arrangement with Facebook reveals its intent to profit commercially from exploiting Private Information, in violation of HIPAA." *Id.* at 26. Plaintiff already makes substantively the same allegations here.[5]

(iii) *Pattison v. Teladoc Health, Inc.*, 2025 U.S. Dist. LEXIS 121044 (S.D.N.Y. June 25, 2025) (attached as Exhibit C). The court in *Pattison* denied a motion to dismiss a claim under the Electronic Communications Privacy Act ("ECPA") relating to the use of tracking technologies on a healthcare website, finding that Plaintiffs' allegations of an "independent, secondary act of disseminating…Plaintiffs' PHI and PII to third parties such as Facebook and Google" supports the ECPA's crime-tort exception. *Id.* at *9-10.[6]

(iv) *Riganian v. LiveRamp Holdings, Inc.*, 2025 U.S. Dist. LEXIS 138122 (N.D. Cal. July 18, 2015) (attached as Exhibit D). The court in *Riganian* rejected the argument that a profit motive is incompatible with a criminal or tortious motive under the ECPA's crime-tort exception, reasoning that "committing a

---

targeting for Tufts MC); ¶ 42-44 (similar allegations for Google); ¶¶ 45-47, 54, 61-64 (describing Tufts MC's control over its own website, including whether and to what degree to deploy tracking technologies).

[3] *See* Doc. No. 18 at 9-10 (Plaintiff's briefing on same issue).

[4] Doc. No. 16 at 4, 16.

[5] *See* Amended Complaint (Doc. 18-1) at ¶ 35 (Tufts MC benefits from using tracking technologies through better targeted advertising based on intercepted communications); ¶¶ 167, 170 (describing "commercial advantage" Tufts MC obtained in exchange for permitting Google and Facebook to eavesdrop on patient communications, resulting in increased "revenue" for Tufts MC).

[6] *See* Doc. No. 18 at 10-11 (Plaintiff's briefing on same issue).

tort and seeking a profit are not mutually exclusive (if anything, the latter is often the reason for the former).” *Id.* at *27-30.

(v) *Smith v. Rack Room Shoes, Inc.*, 2025 U.S. Dist. LEXIS 149750 (N.D. Cal. Aug. 4, 2025) (attached as Exhibit E). In *Smith*, the court held that a defendant’s disclosure of personally identifiable information to third parties “in contradiction [to the] commitments it made in its privacy policy…plausibly constitute[s] a further invasion of privacy beyond the act of intercepting the information alone,” *id.* at *13-14, and the court “join[ed] the majority [of] courts that have held a monetary purpose does not insulate a party from liability” under the ECPA, *id.* at *15.

(vi) *Allen v. Midwest Express Care, Inc.*, 2025 U.S. Dist. LEXIS 151237 (N.D. Ill. Aug. 6, 2025) (attached as Exhibit F). The court in *Allen* upheld an ECPA claim, reasoning that patient status and information on health conditions and treatments are HIPAA-protected information, and interceptions of such information support the ECPA’s crime-tort exception. *Id.* at *4-8.

Dated: September 12, 2025

Respectfully submitted,

*/s/ Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: September 12, 2025

*/s/ Patrick J. Vallely*
Patrick J. Vallely