**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN MCMANUS,<br><br>For herself and the Class,<br><br>v.<br><br>TUFTS MEDICAL CENTER, INC.,<br><br>Defendant. | **Case No. 1:25-cv-10008-ADB** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice to advise the Court of a recent decision from this District denying a hospital's motion to dismiss that bears on Tufts Medical Center's Motion to Dismiss Plaintiff's Second Amended Complaint. The decision (attached as Exhibit A) is *Doe v. The Children's Hospital Corporation*, Case No. 25-cv-10343 (Saris, J.). Like this case, *Children's Hospital* involved ECPA and common-law claims stemming from the secret use of tracking technologies to intercept communications on a healthcare website.

The Second Amended Complaint sustained by Judge Saris in *Children's Hospital* closely resembles the Second Amended Complaint against Tufts Medical Center with respect to the crime-tort exception under ECPA.[1] Both include allegations:

- showing that the primary function and purpose of tracking technologies is to disclose private communications to third-party marketing companies to enable the hospitals' own targeted advertising to their patients on Google and Facebook's platforms based on the content of the intercepted communications (*Compare* ECF No. 25 ¶¶ 46-48, 56-57, 73, 90, 95-96, 99, 102-04, 106, 108-09, 112, 114, 116, 119, 121-22, 125-26, 128-30, 134, 136-39, 160, 162-66, *with Children's Hospital* ECF No. 59, ¶¶ 52-54, 62-63, 79, 95-96, 101-02, 105, 108-10, 115-16, 119, 121, 125, 127, 160, 162-66);

- demonstrating that the hospitals knew how data containing health information may be disclosed or used, and tracking technology vendors notified the hospitals that the

[1] In both this case and *Children's Hospital*, the plaintiffs were given leave to amend their complaints to address the evolving standards for pleading the crime-fraud exception under the ECPA. *See* ECF No. 24, at 8 (granting leave to amend); *Children's Hospital* ECF Nos. 44, 58.

intercepted communications would be used to facilitate targeted advertising and warned them not to use the technologies without consent or on health-related pages regardless of consent, directions the hospital ignored (*Compare* ECF No. 25 ¶¶ 41-43, 46-48, 52, 58, 110-16, 123-39, *with Children's Hospital* ECF No. 59, ¶¶ 47-49, 52-54, 58, 64, 120-38);

- showing that the hospitals knew about the restrictions imposed by HIPAA and Massachusetts law, which ensure the privacy and security of an individual's health information, and promised patients they would adhere to those restrictions and would not disclose health information to third parties without patient authorization (*Compare* ECF No. 25 ¶ 210, *with Children's Hospital* ECF No. 59, ¶ 211);

- setting forth how the hospitals disregarded warnings and directions from Facebook and Google, and their own promises to patients, by deploying tracking technologies without consent and on healthcare pages regarding specific conditions and treatments, patients' doctors, appointment requests, and the patient portal login page (*Compare* ECF No. 25 ¶¶ 48, 58, 110-15, 120-30, 131-39, *with Children's Hospital* ECF No. 59, ¶¶ 54, 64, 106-12, 117-28)[2]; and

- showing how disclosures and subsequent marketing use of the intercepted communications are both acts distinct from the interceptions (*Compare* ECF No. 25 ¶¶ 71, 102-04, 106, 108-09, 112, 114, 116, 119, 121-22, 125-26, 128-30, 134, 136-39, 160, 162-66, *with Children's Hospital* ECF No. 59 ¶¶ 77, 108-10, 115-16, 119, 121, 125, 127, 160, 162-66).

In denying Boston Children's Hospital's motion to dismiss the ECPA claim, Judge Saris followed Judge Kobick's reasoning in *Doe v. Baystate Health Sys., Inc.*, 2026 U.S. Dist. LEXIS 57677 (D. Mass. Mar. 19, 2026) on the applicability of the crime-tort exception and held that the plaintiff "plausibly stated a claim that the hospital's interception and disclosure were independent actions taken with the purpose of committing a tortious act, i.e., a violation of Massachusetts' statutory right to privacy." Ex. A at 4-5. Among the allegations Judge Saris found significant were that Boston Children's Hospital intercepted communications and "disclosed these intercepted communications to Google and Facebook, all without the patients' knowledge or consent," "Google and Facebook warned that consent should be obtained, but none was," and "Boston Children's used the intercepted communications for commercial and

[2] Although *Children's Hospital* involved allegations of interceptions in authenticated portions of a patient portal, Ex. A. at 2, those allegations were not determinative. As Judge Saris noted, the decision she relied on, *Doe v. Baystate Health Sys., Inc.*, involved only allegations of interception on public-facing webpages. Ex. A at 4 (noting that the plaintiff in *Baystate* alleged: "that a hospital, without patient knowledge or consent, disclosed to Meta and Google its patients' searches regarding medical conditions, physicians, requests to schedule appointments, and log-ins to the patient portal").

marketing purposes, specifically to serve targeted advertisements." *Id.* at 2. Judge Saris further held that whether the hospital was motivated by a lawful purpose, unlawful purpose, or both "is a question of fact not fit for resolution at the pleading stage." *Id.* at 5.

On the common-law claims, Judge Saris followed her prior decision in *Doe v. Tenet Healthcare Corp.*, 731 F. Supp. 3d 142 (D. Mass. 2024), which Plaintiff here cites for the same propositions in its opposition to Tufts Medical Center's motion to dismiss.

Dated: July 2, 2026

Respectfully submitted,

*/s/ Patrick J. Vallely*

SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: July 2, 2026

*/s/ Patrick J. Vallely*
Patrick J. Vallely