**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAREN MCMANUS,<br>For herself and the Class,<br>v.<br>TUFTS MEDICAL CENTER, INC.,<br>Defendant. | **Case No. 1:25-cv-10008-ADB** |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff submits this notice of supplemental authority to advise the Court of several recent decisions, including a recent decision from this District, denying motions to dismiss that are relevant to Tufts Medical Center Inc.'s Motion to Dismiss Second Amended Complaint (Doc. Nos. 28, 29).

The first decision (attached as Exhibit A) is *Vita v. Beth Israel Deaconess Med. Ctr., Inc.*, 2026 U.S. Dist. LEXIS 182154 (D. Mass. Aug. 14, 2026) (Kobick, J.). Like this case, *Beth Israel* involved ECPA and common-law claims stemming from the secret use of tracking technologies to intercept communications on a healthcare website. The Second Amended Complaint sustained by Judge Kobick in *Beth Israel* closely resembles the Second Amended Complaint against Tufts Medical Center with respect to the factual allegations presented to support the crime-tort exception under ECPA. *Compare* Doc. No. 32-1, *with Beth Israel*, Case No. 25-cv-11383-JEK, Doc. No. 25-2. In both this case and *Beth Israel*, the plaintiffs were given leave to amend their complaints to address the evolving standards for pleading the crime-tort exception under the ECPA.

In denying Beth Israel's motion to dismiss the ECPA claim, Judge Kobick reasoned that Beth Israel "through its Privacy Policy, affirmatively misled [the plaintiff] by promising that…it would 'not share any information [it] receive[d] with any outside parties,'" but that contrary to those promises, Beth Israel decided to use tracking technologies that "disclosed to third parties" consumers' communications

for Beth Israel's "'own financial self-interest in maximizing the effectiveness of its online marketing.'" *Beth Israel*, 2026 U.S. Dist. LEXIS 182154, at *12-13 (quoting complaint allegations). Judge Kobick held that "[a]t this early juncture," that is, a Rule 12(b)(6) motion, "these allegations are sufficient to support the plausible inference that [Beth Israel] intercepted [the plaintiff's] communications on its website 'for the purpose of facilitating some further impropriety'—namely, violating [the Massachusetts Right to Privacy Act, M.G.L. c. 214, §1B ("MRPA")] by disclosing [the plaintiff]'s private health information without her consent." *Id.* at *13-14. Judge Kobick concluded:

> Whether [Beth Israel] was primarily or determinatively motivated to intercept and share [the plaintiff]'s communications with Meta and Google for a lawful purpose (marketing and financial gain), an unlawful purpose (violating [the MRPA]), or both is a question of fact not fit for resolution at the pleading stage. Viewed in the light most favorable to [the plaintiff], the second amended complaint sufficiently alleges that [Beth Israel] acted with the purpose of committing a tortious act in violation of [the MRPA].

*Id.* at *15.

Given her focus in her discussion of the crime-tort exception on Beth Israel's tortious violation of the MRPA, Judge Kobick decided she "need not consider whether" Beth Israel also violated HIPAA or intercepted communications with the purpose of engaging in such acts. *Id.* at *14 n.4.

As to the requirement that an interception be independent from a criminal or tortious act (an argument Tufts Medical Center makes, Doc. No. 29 at 7-8), Judge Kobick held that the plaintiff's MRPA claim "is based in part on [Beth Israel]'s intent to disclose confidential medical information to Meta and Google without her consent, not merely its intent to intercept her communications," and Beth Israel's "intent to ***intercept*** [the plaintiff]'s communications was, as alleged, independent of its plan to ***disclose*** those communications to third parties." *Id.* at *17 (emphasis in original).

Judge Kobick also rejected Beth Israel's argument, similar to Tufts Medical Center's argument here, Doc. No. 29 at 10, that the plaintiff did not describe with sufficient specificity the health information she alleges was disclosed. The plaintiff there, like here, alleged interceptions of the plaintiff's

"searches for providers and specific medical procedures" and "'access to the website's patient portal'" *Beth Israel*, 2026 U.S. Dist. LEXIS 182154, at *21 (quoting complaint allegations). As here, it is unknown whether Beth Israel used tracking technologies on authenticated portions of its patient portal. *Compare* Doc. No. 25 at ¶¶ 133-34, *with Beth Israel*, Case No. 25-cv-11383-JEK, Doc. No. 33, at ¶¶ 128-29. Nevertheless, Judge Kobick found the plaintiff's allegations sufficient at the pleading stage.

The plaintiff in *Beth Israel* also alleged common-law claims based on the same legal and factual theories as the plaintiff does here. With respect to those common-law claims, Judge Kobick sustained each claim, other than breach of confidence, which the court found duplicative of the plaintiff's breach of fiduciary duty claim. *Beth Israel*, 2026 U.S. Dist. LEXIS 182154, at *7-11, 21-37. In sustaining those common-law claims, Judge Kobick presented a careful analysis of each argument Beth Israel made, *id.*, which closely echoes the arguments Tufts Medical Center makes here. Doc. No. 19 at 10-20.

In addition to Judge Kobick's decision in *Beth Israel,* decisions in other districts have continued to accumulate denying motions to dismiss ECPA claims based on similar factual allegations. Recent decisions include:

(i) *Campbell v. Select Med. Corp.*, 2026 U.S. Dist. LEXIS 156088, at *9-10 (C.D. Cal. July 14, 2026) (attached as Exhibit B) (sustaining ECPA claim, holding that the "fact that Defendant allegedly knowingly disclosed identifying health information in violation of HIPAA is enough to generate an inference of a tortious intent sufficient to trigger the crime-tort exception");

(ii) *E.H. v. Lifelong Adoptions, Inc.*, 2026 U.S. Dist. LEXIS 164906, at *23-30 (E.D. Cal. July 24, 2026) (attached as Exhibit C) (sustaining ECPA claim; holding that disclosure that was a breach of confidence supported application of crime-tort exception);

(iii) *Adair v. Cigna Corporate Servs., LLC,* 2026 U.S. Dist. LEXIS 165448, at *27 (E.D. Pa. July 27, 2026) (attached as Exhibit D) (affirming ECPA claim; holding "intent is plausibly inferred from allegations that a defendant knowingly enabled unauthorized third-party

interceptions of PHI for commercial gain," and "at the pleading stage, before the benefit of discovery, courts do not demand too much by way of what facts plausibly demonstrate a defendant's culpable intention");

(iv) *Bowen v. Women's Care Fla. LLC,* 2026 U.S. Dist. LEXIS 173281, at *24 (M.D. Fla. Aug. 4, 2026) (attached as Exhibit E) (affirming ECPA claim, holding that "[a]ny factual dispute over WCF's true motivations and purpose in intercepting Ms. Bowen's communications would be inappropriately resolved here" and "more fit for resolution at summary judgment or trial than at the motion to dismiss stage"); and

(v) *Crespi v. Baycare Health Sys.*, 2026 U.S. Dis. LEXIS 178630 (M.D. Fl. Aug. 11, 2026) (attached as Exhibit F) (affirming ECPA claim based on allegations that hospital disclosed intercepted communications protected by HIPAA).

Dated: August 27, 2026

Respectfully submitted,

*/s/ Michelle H. Blauner*
SHAPIRO HABER & URMY LLP
Edward F. Haber (BBO #215620)
Michelle H. Blauner (BBO #549049)
Patrick J. Vallely (BBO #663866)
One Boston Place
Suite 2600
Boston, MA 02108
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
mblauner@shulaw.com
pvallely@shulaw.com

***Counsel for Plaintiff and Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was filed electronically through the Court's electronic filing system and that notice of this filing will be sent to all counsel of record in this matter by operation of the Court's ECF system.

Dated: August 27, 2026

*/s/Michelle H. Blauner*
Michelle H. Blauner